IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNWIRED PLANET, INC. (F/K/A OPENWAVE SYSTEMS, INC.)<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORP.,<br><br>  Defendant. | Civil Action No.: 14-967-SLR<br><br>**REDACTED -<br>PUBLIC VERSION** |

# COMPLAINT

*Of Counsel:*

GOODWIN PROCTER LLP
R. Todd Cronan, No. 542466
Morgan R. Mordecai, No. 679390
Exchange Place Boston, MA 02109
(617) 570-1389
tcronan@goodwinprocter.com
mmordecai@goodwinprocter.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
C. Barr Flinn (No. 4092)
Kathaleen S. McCormick (No. 4579)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com
kmccormick@ycst.com
pkraman@ycst.com

*Attorneys for Unwired Planet, Inc.*

Dated: July 22, 2014

01:15801332.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNWIRED PLANET, INC. (F/K/A OPENWAVE SYSTEMS, INC.) <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORP., <br><br> Defendant. | Civil Action No.: 14-967-SLR <br><br> REDACTED - PUBLIC VERSION |

## COMPLAINT

Plaintiff Unwired Planet, Inc. ("UP" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendant Microsoft Corp. ("Microsoft" or "Defendant").

## NATURE OF THE ACTION

1. Plaintiff's claims for declaratory judgment and breach of contract arise from Defendant's refusal to make a mandatory payment of ▮▮▮▮ to UP pursuant to the express terms of the parties' Confidential Patent License Agreement dated as of September 30, 2011 ("License Agreement").[1] In the License Agreement, Defendant agreed to make the ▮▮▮▮ payment as a ▮▮▮▮▮▮▮▮▮▮ within thirty calendar days of receiving written notice from Plaintiff that it had ▮▮▮▮▮▮▮▮▮▮, as those terms are defined in the License Agreement. Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ in March 2014 and provided the requisite written notice to Defendant on April 17, 2014 after receiving payment to ▮▮▮▮▮▮▮▮▮▮. However, despite repeated

---

[1] The License Agreement is attached hereto as Exhibit 1.

demand, Defendant has refused to make the ▇▇▇▇ payment due and owing to UP pursuant to ▇▇▇▇ of the License Agreement.

    2.    By this action, Plaintiff seeks to obtain a declaratory judgment that it has satisfied the terms ▇▇▇▇ of the License Agreement, and that it is owed the ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ by Defendant.  Plaintiff also seeks an order that Defendant breached the License Agreement by failing to provide the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to Plaintiff within the proscribed thirty-day time period.  Further, Plaintiff seeks an award of attorneys' fees, costs, and disbursements in connection with this action, in accordance with ▇▇▇▇ of the License Agreement.

## PARTIES

    3.    Plaintiff is a corporation organized under the laws of Delaware with its principal place of business in Reno, Nevada.  On April 28, 2012, Unwired Planet, Inc. merged with and into Openwave Systems, Inc.  ("Openwave"), pursuant to Section 253 of the General Corporation law of the State of Delaware, with Openwave Systems, Inc. remaining as the surviving corporation under the name of Unwired Planet, Inc.

    4.    Upon information and belief, Defendant Microsoft Corp. ("Microsoft") is incorporated, organized and existing under the laws of the State of Washington.  Microsoft maintains its principal place of business at One Microsoft Way, Redmond, Washington 98052.  Microsoft may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

    5.    The Court has personal jurisdiction over the parties pursuant to the "Applicable Law" clause contained in the parties' License Agreement, in which the parties consented and

submitted to exclusive jurisdiction and venue in the United States District Court for the District of Delaware (unless no federal jurisdiction exists) in connection with all civil actions or other legal or equitable proceedings arising between the parties under the License Agreement, and in which the parties further agreed not to assert any claim that they are not subject personally to the jurisdiction of this Court. License Agreement, § 11.

6. Microsoft also is subject to personal jurisdiction because Microsoft regularly transacts business in the State of Delaware and contracts to supply goods and/or services within the State of Delaware.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) and the forum selection clause contained in Section 11 of the License Agreement.

## FACTUAL ALLEGATIONS

**A. The Parties' License Agreement.**

9. The parties executed the License Agreement effective as of September 30, 2011 (the "Effective Date").

10. Pursuant to the License Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. 01:15

3

[REDACTED]

[REDACTED]

[REDACTED]

12.     [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

13.     As consideration for Plaintiff's agreement to enter into the License Agreement, Defendant agreed [REDACTED]

[REDACTED]

14.     Defendant further agreed to [REDACTED]

[REDACTED]

15.     The License Agreement defines a [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

16.     The License Agreement further provides that [REDACTED]

[REDACTED]

2.      01:15

████████████████████████████████████████████████████████

████████████████████████████████

17.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

18.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

██

**B.    Defendant's Breach of the License Agreement.**

19.    In March 2014, Plaintiff ████████████████████████████

████████████████ ██████ producing innovative personal computers and mobile internet devices ("March 2014 Agreement").

20.    In connection with this transaction, the third-party ████████████ ████████████████████████████ with Plaintiff.

21.    This transaction closed on April 17, 2014 ██████████████████ ████████.

22.    The consideration for the transaction included a ████████████ ████████████████████████████████████████████ ██████.

23.    Pursuant to ████████ of the License Agreement, UP provided written notice to Microsoft of ████████████████ on April 17, 2014.  Along with this written notice, UP provided an invoice for ████████████████████████████ ████████ and wire instructions.

24. Upon receiving notice, Microsoft acknowledged receipt by letter dated April 21, 2014. Microsoft also requested "additional information to substantiate [UP's] claim" that it had ███████████████████████████████████.

25. Specifically, Microsoft requested (1) a "list of all patents and patent applications of Openwave/Unwired Planet" subject to ███████████████ (2) ███████████████████████████████████████████ and (3) information related to the allocation of the net proceeds of ███████████████.

26. As such information is not required by the License Agreement, and bound by certain confidentiality obligations, UP responded by letter dated May 1, 2014 and again reiterated that it had ███████████████████████████████████████████████ ███████████████████████████ under the License Agreement.

27. On May 15, 2014, Microsoft stated its unwillingness to make the ███████ payment to UP without receiving a representation from UP attesting that: (1) Microsoft is licensed under all patents and patent applications licensed and/or sold by Unwired Planet ███████ █████████████████████████████████████████████████████████████ and (2) the license portion of ███████████████████████████████ █████████████████████████████████████████████████████████████ ███.

28. Again, although such representation is not required by the License Agreement, UP advised Microsoft that it ███████████████████████████████████████ ███████████████ and also provided the ███████████████████████ to Microsoft. Further, UP advised Microsoft that ███████████████████████████████.

████ and that it had satisfied each of the ████████████

████

29. Microsoft then advised UP that it would not make the full ████████ payment ████████████████████████████████████████ ████████████

30. UP advised Microsoft that no such provision or limitation is contained in the License Agreement and that Microsoft is required to provide the ████████ payment forthwith.

31. Nevertheless, and despite the unambiguous terms of the License Agreement, Microsoft has continued to refuse to make the ████████ payment that is due and owing to UP under ████████ of the License Agreement.

32. In addition to being in violation of the plain language of the License Agreement, Microsoft's position is contrary to the negotiating history of the parties.

33. In previous drafts of the License Agreement, ████████████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**C.    UP's Notice to Defendant of Breach**

34. As a result of Microsoft's failure to provide the contracted for consideration by May 19, 2014, the thirty-day expiration date, UP informed Microsoft of its breach of the License Agreement and reserved all rights and remedies afforded to it under the License Agreement by way of an email dated May 21, 2014.

35.  In this email correspondence, UP initiated the 60-day "Dispute Escalation Process" outlined in ███████ of the License Agreement, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

36.  Microsoft acknowledged notice under ████████ of the License Agreement by email dated May 22, 2014.

37.  Despite this notice, Microsoft continues to refuse to abide by its contractual obligations under the License Agreement and continues to refuse to pay UP the ███████ that is due and owing to it.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

38.  Plaintiff repeats and incorporates the allegations in Paragraphs 1 through 37 as though fully set forth herein.

39.  At all relevant times, Plaintiff and Defendant have been parties to the License Agreement, effective as of September 30, 2011.

40.  The License Agreement is a valid and enforceable contract supported by adequate consideration.

41.  Plaintiff has fully performed its obligations under the License Agreement.

42.  Pursuant to ███████ of the License Agreement, if Plaintiff ███████ ███████████████ Defendant must make a ███████ payment ███████ within thirty calendar days of receiving written notice of ████████████████

43.  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

2.  01:15

8

███████████████████████████████████████████████████

███████████████

44. As explained above, in March 2014, Plaintiff entered into a license agreement with a ████████████████████████████████████████ ████████████

45. Plaintiff provided notice to Defendant that it ███████████████████ ██████████████ but Defendant has failed to provide the agreed-upon ████████ payment to Plaintiff.

46. By failing to provide this payment pursuant to ████████ Defendant is in breach of the License Agreement.

47. As a direct result of Defendant's actions, Plaintiff has sustained damages, including damages in the amount of the ████████ due to it under the License Agreement.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**

48. Plaintiff repeats and incorporates the allegations in Paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff has satisfied all conditions to receipt of the ██████████████ ████████████████████████ of the License Agreement.

50. Defendant has wrongfully failed and refused to make payment of the ████████ ████████████████████████ to Plaintiff, despite repeated requests.

51. Declaratory relief is appropriate because Defendant's position is without merit and seeks to avoid performance of a fundamental obligation under the License Agreement, thereby giving rise to an actual judicial controversy of sufficient immediacy to justify the relief sought.

**WHEREFORE**, Plaintiff respectfully requests this Court:

    a.    Enter an order finding that Microsoft has breached the License Agreement by failing to provide UP with the ▮▮▮▮▮▮▮ payment pursuant to ▮▮▮▮▮▮▮ of the License Agreement;

    b.    Declare that UP has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    c.    Enter an Order requiring that Microsoft pay forthwith to UP the sum of ▮▮▮▮▮▮▮ with prejudgment and post-judgment interest accrued thereon;

    d.    Award UP its attorneys' fees, costs, and expenses in connection with this action, together with interest as allowed by law, in accordance with ▮▮▮▮▮▮▮ of the License Agreement; and

    e.    Award UP such other further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: July 22, 2014

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


/s/ *C. Barr Flinn*
C. Barr Flinn (No. 4092)
Kathaleen S. McCormick (No. 4579)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com
kmccormick@ycst.com
pkraman@ycst.com

*Of Counsel:*

GOODWIN PROCTER LLP
R. Todd Cronan, No. 542466
Morgan R. Mordecai, No. 679390
Exchange Place Boston, MA 02109
(617) 570-1389
tcronan@goodwinprocter.com
mmordecai@goodwinprocter.com

*Attorneys for Unwired Planet, Inc.*