IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNWIRED PLANET, INC. (F/K/A OPENWAVE SYSTEMS, INC.),<br><br>     Plaintiff,<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant. | FILED UNDER SEAL<br><br>Civ. No. 14-967-SLR |

**MICROSOFT CORPORATION'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 1970 ON THE TAKING OF EVIDENCE <u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

Defendant Microsoft Corporation ("Microsoft") hereby moves the Court for issuance of the attached Letters of Request for international judicial assistance from the Hong Kong Special Administrative Region of the People's Republic of China ("Hong Kong") to take discovery from (a) Lenovo Group Limited ("Lenovo Group"), a company organized under the laws of Hong Kong, China with a registered office located at 23rd Fl., Lincoln House, Taikoo Place, 979 King's Rd., Quarry Bay Hong Kong, China; and (b) Lenovo PC International Limited ("Lenovo PC"), a private company organized under the laws of Hong Kong, China. *See* Goettle Decl., Ex. 1 at 173, 177. This Motion is made pursuant to, and in conformity with, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in force between the United States and Hong Kong.

The attached Letters of Request (Attachments 1 and 2) seek evidence for trial related to the March 2014 patent license or purchase agreements ("License or Purchase Agreements") entered into by Lenovo PC, Lenovo Group, and Plaintiff Unwired Planet, Inc.  The License or Purchase Agreements form the basis for the breach of contract claims asserted in this litigation. The documentary evidence sought relates to the negotiations, contractual terms, patent valuations, and payments made under the License or Purchase Agreements, which are relevant to every aspect of the parties' breach of contract claims.  Microsoft's requests for evidence are also narrowly tailored and will not impose an undue burden on Lenovo PC or Lenovo Group. Accordingly, Microsoft respectfully requests that its Motion be granted.

**I.    STATEMENT OF FACTS**

In its July 22, 2014 Complaint, Plaintiff accused Microsoft of allegedly breaching a Confidential Patent License Agreement ("License Agreement") that the parties entered into on September 30, 2011.  D.I. 1 ¶ 1.  Pursuant to the License Agreement, Microsoft allegedly agreed, among other things, to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 42.  The License Agreement defined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 43.

According to Plaintiff, it executed a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in March 2014.  *Id.* ¶¶ 19, 44.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Lenovo Group or Lenovo PC, ▮▮▮▮  Goettle Decl., Ex. 2 at 2.  Plaintiff supposedly entered into "(i) a Patent License Agreement . . . with Lenovo PC International Limited and (ii) a Patent Purchase Agreement . . . with Lenovo Group Limited."  *Id.*  According to Plaintiff, the combined Lenovo

transactions [REDACTED] *Id.* After executing the transactions with and purportedly receiving payment thereunder, Plaintiff claims that it provided the requisite notice to Microsoft under the License Agreement. D.I. 1 ¶ 45. [REDACTED] *Id.* ¶ 46.

Microsoft filed an Answer to the Complaint and Counterclaims on September 12, 2014 contending, generally, that Plaintiff [REDACTED] D.I. 25 ¶ 1. On information and belief, the Lenovo transactions, for example, involved patents [REDACTED] Thus, Microsoft did not breach any provision of the License Agreement [REDACTED] *Id.* In addition, Microsoft counterclaimed for breach of contract. Under section 9 of the License Agreement, the parties agreed not to [REDACTED] Nonetheless, Plaintiff [REDACTED] *Id.* ¶ 21.

Based on the foregoing, Microsoft submits that Lenovo Group, Lenovo PC, and their current and former employees possess documents and information relevant to both Plaintiff's and Microsoft's breach-of-contract claims. They undoubtedly possess, *inter alia*, (i) copies of the License or Purchase Agreements and any amendments thereto; (ii) negotiations and communications (including those internal to Lenovo) relating to the License or Purchase



3

Agreements; (iii) documents evidencing the meaning, scope, and intent of the various provisions in the License or Purchase Agreements; (iv) valuation of the Openwave Licensed Patents and allocation of the ███████ payment from the Lenovo entities to those patents; and (v) communications and other information regarding any payments made from Lenovo to Plaintiff under the License or Purchase Agreements.

Notably, Microsoft attempted to obtain discovery from Lenovo Group in the United States.  *See* D.I. 29; Goettle Decl., Ex. 3 (Nov. 17, 2014 Email from R. Adams to N. Psyhogeos regarding subpoena).  Lenovo Group did not produce any information in response to Microsoft's request, but instead informed Microsoft that Lenovo Group was a Hong Kong entity and needed to be served under the Hague Convention.[1]  *Id*.

## II.     ARGUMENT

Under the Hague Evidence Convention, a signatory to the Convention may request that the competent authority of another signatory obtain evidence from its residents for use in foreign judicial proceedings.  23 U.S.T. 2555, T.I.A.S. No. 7444, art. 1.  The United States and the People's Republic of China (including the Hong Kong Special Administrative Region) are signatories to the Hague Evidence Convention.[2]  This Court is authorized to issue Letters of Request under Rule 28 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 28(b)(2); *see also* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly

---

[1] Microsoft recently served subpoenas on Lenovo PC and Lenovo (United States), Inc. in the United States.  However, Microsoft expects that it will receive a similar response from Lenovo's counsel regarding the Lenovo PC subpoena as it did regarding the Lenovo Group subpoena, considering Lenovo PC is purportedly a Hong Kong entity.  Lenovo (United States), Inc. appears to be a U.S. subsidiary of Lenovo Group, but since it was not a party to the License or Purchase Agreements, it may not have the documents that Microsoft seeks by the Letters of Request.

[2] *See* Hague Convention Status Table, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=82; http://www.hcch.net/index_en.php?act=authorities.details&aid=491 (last visited Nov. 23, 2014).

from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *Pronova BioPharma Norge AS v. Teva Pharmaceuticals USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010); *Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 475 (D. Del. 2003).

Microsoft's requests for documentary evidence are also proper under the applicable rules governing discovery. The Federal Rules of Civil Procedure provide for a broad scope of discovery, allowing parties to obtain unprivileged material relevant to the subject of a lawsuit and not limited to evidence that would be admitted at trial, but "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Microsoft's requests for documents (appended as Exhibits A to Attachments 1 and 2) only seek documents relevant to the breach of contract claims at issue in the lawsuit, and are narrowly tailored to avoid any unnecessary burden on Lenovo PC and Lenovo Group.

The Letters of Request also comply with the applicable rules governing discovery in Hong Kong. *See* Restatement (Third) of Foreign Relations Law of the United States § 474(2) ("A United States district court, in order to obtain evidence for use in a proceeding before it, may … issue a letter rogatory requesting a court or other appropriate authority in a foreign state to direct the taking of evidence in that state … provided the procedure is not inconsistent with the law of the state where the evidence is to be taken."). Sections 74 to 77A, 77C, and 77D of Hong Kong's Evidence Ordinance (the "Ordinance") provide the procedural framework for the Hong Kong courts to facilitate the execution of requests under the Hague Convention.[3] By virtue of section 76 of the Ordinance, the available Orders that the courts of Hong Kong have jurisdiction

---

[3] *See* http://www.legislation.gov.hk/blis_pdf.nsf/6799165D2FEE3FA94825755E0033E532/CE4256C073D50D37482575EE002E0400/$FILE/CAP_8_e_b5.pdf (last visited Nov. 23, 2014).

to issue include the production of documents. Notably, Microsoft has prepared the proposed Letters of Request, including the list of requested documents in Exhibits A thereto, in consultation with counsel from Hong Kong, China. Goettle Decl. ¶ 2. Indeed, Microsoft has consulted with foreign counsel to ensure that the scope of the requested discovery is permissible under Hong Kong's Evidence Ordinance.

Moreover, issuance of Letters of Request is especially appropriate because the requested evidence is instrumental to Plaintiff's and Microsoft's breach of contract claims. Again, Lenovo Group and Lenovo PC are parties to the transactions that form the basis for both Plaintiff's and Microsoft's breach of contract claims. Specifically, they possess documents and information that would confirm or rebut Plaintiff's allegation that the Lenovo transactions amounted to a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ They also possess documents and information that would confirm Microsoft's breach of contract counterclaim, including, for example, documents showing that Plaintiff assigned, granted, sold, or transferred ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Lenovo pursuant to terms that were not subject to the terms and conditions of the License Agreement.

Lenovo PC and Lenovo Group are incorporated in Hong Kong, China and, therefore, are purportedly beyond the subpoena power of this Court under Rule 45 of the Federal Rules of Civil Procedure. *See* Goettle Decl., Ex. 1 at 173, 177. Microsoft has thus far not been able to obtain discovery from either company by any other process. Accordingly, Microsoft respectfully requests that the Court grant the instant motion and issue the Letters of Request submitted herewith as Attachments 1 and 2, so that Microsoft can obtain documents that are highly relevant to its defenses and counterclaims.

### III. CONCLUSION

For the reasons stated above, Microsoft respectfully requests that the Court grant this Motion and execute the Letters of Request attached as Attachments 1 and 2. Microsoft further requests that, after the Court has signed the Letters of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and return the original signed and sealed executed Letters, and two certified copies of the signed and sealed executed Letters, to Daniel J. Goettle, Baker & Hostetler LLP, Cira Centre, 12th Floor, 2929 Arch Street, Philadelphia, PA 19104-2891, for delivery to the proper authority in Hong Kong.

Dated: December 11, 2014

*Counsel for Microsoft in this case:*

Francis DiGiovanni (#3189)
Todd C. Schiltz (#3253)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
todd.schiltz@dbr.com
thatcher.rahmeier@dbr.com

Rakesh H. Mehta, Ph.D. (#5039)
BAKER & HOSTETLER LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Tel: (215) 568-3100
Fax: (215) 568-3439
rmehta@bakerlaw.com

Daniel J. Goettle (*pro hac vice*)
BAKER & HOSTETLER LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Tel: (215) 568-3100
Fax: (215) 568-3439
dgoettle@bakerlaw.com

*Attorneys for Defendant Microsoft Corp.*